Commonwealth for Lawrence County Court v.
Walter Osborne et al.

**Counties—County Court—Authority of Agent.**

A county court can speak only through its orders entered of rec-
ord, and its agents must trace their authority to such orders, and
their rights and powers must be determined therefrom.

**Highways—Pleading—Action Against Superintendent of Roads.**

In an action against the superintendent of roads to compel him to
turn over the property and funds in his hands to his successor, the
fact that the county court appointed an agent to demand and receive
the property and money in the defendant's hands should be alleged,
the mere statement that he was the proper officer or agent being a
mere conclusion, and insufficient.

APPEAL FROM LAWRENCE CIRCUIT COURT.

December 3, 1873.

Opinion by Judge Lindsay:

The petition does not show that the act of February 17, 1866,
was approved by a majority of the qualified voters of Lawrence
County. Hence we can not adjudge that the county court of that
county had the authority to take and approve the bond sued on.

Waiving this defect, however, the petition, as amended, is still
fatally defective.

There could be no cause of action against Osborne, the superin-
tendent of roads, until he was directed, by the county court, to turn
over the property and funds in his hands, to his successor in office,
or to some other agent of the county, and refused or failed to
observe the order. The petition did not allege that he had a suc-
cessor in office, nor did it show that the county court ever made
any order touching the property and money for which Osborne
was sued, except to direct the county attorney to institute the action.

The averment is, that the county court by "its proper agents and
officers, made frequent and repeated demands," etc.

The county court speaks only through its orders entered of rec-
ord. Its agents must trace their authority to such orders, and from
them the extent of their rights or powers are to be determined.

If the county court appointed an agent to demand and receive
the property and money in Osborne's hands, or if it directed one of

the county officers to perform this duty, that fact should have been alleged, so that it might be determined from the petition whether the agent or officer making the demand was, as matter of law, the proper agent or officer of the county court. The statement that he was the proper "agent or officer," is but an allegation of a conclusion of law. The demurrer was properly sustained, and appellant, failing to amend further, the court did not err in dismissing the petition.

Judgment affirmed.

*Hatcher & Burns,* for appellant.

*Rodman,* for appellees.

